IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRACY JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00355 |
| | § | |
| KROGER TEXAS L.P. d/b/a KROGER STORE #435 | § | |
|     Defendant | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. d/b/a Kroger Store #435 ("Defendant") in the cause styled "*Tracy Johnson v. Kroger Texas L.P d/b/a Kroger Store #435*." originally pending as Cause No. 096-332763-22 in the 96th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[2]

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio with its principal place of business in Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about April 19, 2020, while shopping in a Tarrant County Kroger store, she slipped and fell due to a slippery floor near a leaking beverage cooler. Plaintiff filed suit on March 29, 2022, in the 96th Judicial District Court of Tarrant County, Texas, alleging premise liability and negligence-based causes of action against Defendant.[3]

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[4] Specifically, Plaintiff seeks damages for past and future: (1) pain and suffering; (2)

---

[2] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at p. 1.

[3] *Id.* at pp. 2-4.

[4] *Id.* at p. 2.

disfigurement; (3) physical impairment; (4) medical care expenses; (5) out-of-pocket economic losses; (6) loss of enjoyment of life; and (7) mental anguish.[5] Plaintiff alleged damages in an amount between $250,000.00 and $1,000,000.00.[6] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[8] Defendant first became aware this case was removable on or about April 4, 2022, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on March 29, 2022.[9]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

---

[5] *Id.* at p. 5.

[6] *Id* at p. 2.

[7] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[8] 28 U.S.C. § 1446(b).

[9] *See id*.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 96th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)   State court docket sheet (as of April 26, 2022);

(2)   Plaintiff's Original Petition (filed March 29, 2022) with Service of Citation (effectuated on April 4, 2022); and

(3)   Defendant Kroger Texas L.P.'s Original Answer (filed April 19, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on April 26, 2022.

/s/ B. Kyle Briscoe
B. Kyle Briscoe