# EXHIBIT 1

**Exhibit 1**

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    04/26/2022 10:44 AM

**Court :** [ 096 ▼ ]  **Case :** [ 332763 ]  [ Search ]  [ New Search ]  ☐ Show Service Documents ONLY

**Cause Number : 096-332763-22**                    **Date Filed : 03-29-2022**

TRACY JOHNSON  **| VS |**  KROGER TEXAS, L.P.

**Cause of Action :** INJURY OR DAMAGE, PREMISES

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|---|---|--------------|-----------------|
| 03-29-2022 | PLTF'S ORIG PET | | N | $350.00 | |
| 03-29-2022 | PAYMENT RECEIVED trans #1 | | Y | | $213.00 |
| 03-29-2022 | PAYMENT PAID TO STATE trans #1 | | Y | | $137.00 |
| 03-29-2022 | CIT-ISSUED ON KROGER TEXAS LP-On 04/04/2022 | | N  Svc | $8.00 | |
| 03-29-2022 | PAYMENT RECEIVED trans #4 | | Y | | $8.00 |
| 03-29-2022 | JURY REQUESTED | | | | $0.00 |
| 04-01-2022 | LTR REQ CIT BE EMAILED (DP 4/1/22 ER) | | | | $0.00 |
| 04-06-2022 | AFFDT OF SERVICE/KROGER TX LP | | | | $0.00 |
| 04-06-2022 | CIT Tr# 4 RET EXEC(KROGER TEXAS LP) On 04/04/2022 | | | | $0.00 |

| 04-19-2022 | DEFN'S ORIG ANS |  | $0.00 |

# EXHIBIT 2

**Exhibit 2**



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24729570**
**Date Processed: 04/06/2022**

| | |
|---|---|
| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas LP d/b/a Kroger Store #435 |
| **Title of Action:** | Tracy Johnson vs. Kroger Texas, L.P., D/B/A Kroger Store #435 |
| **Matter Name/ID:** | Tracy Johnson vs. Kroger Texas, L.P., D/B/A Kroger Store #435 (12167521) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Tarrant County District Court, TX |
| **Case/Reference No:** | 096-332763-22 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/04/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Johnson Reist PLLC<br>469-501-2559 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*  |  *Cause No. 096-332763-22*

TRACY JOHNSON

VS.

KROGER TEXAS, L.P.

**DELIVERED**
4 / 1 / 04 / 2022
BY: ~~RCS~~ PSC: 2114
**ATX Process, LLC**

**TO: KROGER TEXAS LP**
D/B/A KROGER STORE #435

B/S REG AGT/CSC-LAWYERS INCORPORATING SERVICE CO 211 E 7TH ST STE 620 AUSTIN TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 96th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

TRACY JOHNSON

Filed in said Court on March 29th, 2022 Against
KROGER TEXAS LP, D/B/A KROGER STORE #435

For suit, said suit being numbered 096-332763-22 the nature of which demand is as shown on said PLAINTIFFS' ORIGINAL PETITION  a copy of which accompanies this citation.

WESLEY G JOHNSON
Attorney for TRACY JOHNSON Phone No. (469)501-2559
Address    1312 14TH ST STE 202 PLANO, TX 75074
_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 4th day of April, 2022.

By _____Natalie Thigpen_____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 04/04/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM, on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *09633276322000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

## CITATION

Cause No. 096-332763-22

**TRACY JOHNSON**

VS.

**KROGER TEXAS, L.P.**

ISSUED

This 4th day of April, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       NATALIE THIGPEN Deputy

WESLEY G JOHNSON
Attorney for: TRACY JOHNSON
Phone No. (469)501-2559
ADDRESS: 1312 14TH ST STE 202

PLANO, TX 75074

*CIVIL LAW*





\*09633276322000004\*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

FILED
TARRANT COUNTY
3/29/2022 1:51 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-332763-22 _____

| | | |
|---|---|---|
| **TRACY JOHNSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS, L.P. D/B/A KROGER** | § | |
| **STORE #435** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**COMES NOW**, Plaintiff Tracy Johnson ("Johnson" and/or "Plaintiff") and files this Original Petition against Kroger Texas, L.P., d/b/a Kroger Store #435 ("Defendant") and would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.01    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES

2.01    Tracy Johnson is an individual and resident of Tarrant County, Texas.

2.02    Defendant Kroger is a domestic for-profit limited partnership doing business in the State of Texas and may be served with process by serving its registered agent for service: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.  Plaintiff asks that citation be issued at this location or wherever it may be found and that process to be served by a private process server. **Issuance of citation is requested at this time.**

### III.
### VENUE & JURISDICTION

3.01    Venue is properly in Tarrant County, Texas under the general venue statute, as it is a county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

3.02    The Court has jurisdiction over this cause of action because there is not complete diversity between the parties and because the amount of controversy is within the jurisdictional limits of the Court. Plaintiff is seeking damages over $250,000 but not more than $1,000.000.

3.03    Further, this Court has jurisdiction over Kroger because the Defendant transacts business in the State of Texas and purposefully availed themselves of the privileges and benefits of conducting business in Texas, including the ownership and operation of a physical retail grocery store located at 2475 Ascension Blvd., Arlington, TX 76006, and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.   Therefore, the Court possesses subject matter jurisdiction for the causes of action and claims for relief stated herein.

### IV.
### BACKGROUND FACTS

4.01    On or about April 19, 2020, Ms. Johnson was an invitee of Defendant at the Kroger retail store located at 2475 Ascension Blvd., Arlington, TX and was shopping with her boyfriend. There was a leaking beverage cooler and employees had just been cleaning it. The employees did not do a thorough job, nor did they put any signs up of the slippery floor. Ms. Johnson slipped and violently fell. After Ms. Johnson fall, employees acknowledged they had been cleaning up and should have put signs up. Kroger's employees admitted that they had actual knowledge that the floors in the area were wet and did not take any reasonable or prudent measures to prevent their customers from harm. There were no signs, cones or other warnings regarding the dangerous

condition that existed on the floor. Ms. Johnson was transported by ambulance to JPS Hospital ER.

4.02    As a result of the fall, Ms. Johnson has sustained severe injuries to her lower back and lumbar spine, thoracic spine, neck, S.I. joint, left hip, left shoulder, left ankle, left wrist and left knee. She has incurred significant damages directly as a result of the Defendants' negligent acts or omissions, and her quality of life has been severely impacted.

## V.
## CAUSES OF ACTION - NEGLIGENCE AND NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

5.01    Defendant had a duty to exercise ordinary care and to act as a reasonable and prudent property owner, operator and/or management company.

5.02    Defendant is negligent and breached their duty of care in the following ways:

a.    Creating a dangerous condition;

b.    Failing to maintain the premises in a reasonably safe condition;

c.    Failing to remedy the unsafe and dangerous condition, which Defendant knew, or in the exercise of ordinary care should have known about, to exist on premises in areas which Defendant knew that persons such as Plaintiff are likely to encounter without warning and that constitute a hazard and risk of personal injury;

d.    Failing to warn Plaintiff of the condition on the premises which pose an unreasonable risk of harm to individuals such as Plaintiff;

e.    Creating a dangerous condition;

f.    In choosing not to make safe a condition on the premises which Defendant knew, or in the exercise of ordinary care should have known, poses an unreasonable risk of harm to individuals such as Plaintiff; and

g.    In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

5.03    Defendant is also negligent in hiring, supervising, training and retaining its employees who failed to clean the dangerous condition or fail to warn Plaintiff of the dangerous condition.

5.04    As a proximate result of all of the above, Plaintiff suffered injuries for which he now brings suit.

## VI.
### CAUSES OF ACTION – PREMISE LIABILITY

6.01    At all times material hereto, Plaintiff was an invitee on the premises of 2475 Ascension Boulevard, Arlington, Texas 76006.

6.02    Defendant owned, operated, maintained, possessed and/or controlled the premises in question.

6.03    A condition on the premises constituted an unreasonably dangerous condition.

6.04    Defendant, in the exercise of reasonable care, knew or should have known of the unreasonably dangerous condition.

6.05    Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure.  Defendant breached this duty by failing to timely clean the floor and remedy the unsafe condition on the premises or to warn Plaintiff of the hazard that existed on the premises.

6.06    As a proximate result of all of the above, Plaintiff suffered injuries for which he now brings suit.

## VII.
### JURY DEMAND

7.01    Plaintiff demands a jury trial and has tendered the appropriate fee with the Original Petition.

## VIII.
### INTENT TO USE DOCUMENTS

8.01    In accordance with Texas Rule of Civil Procedure 193.7, any documents produced by Defendant in response to written discovery may be used by Plaintiff at any pre-trial proceeding or trial.

## IX.
### DAMAGES

9.01    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

a.    Physical pain and suffering in the past and future;

b.    Disfigurement in the past and future;

c.    Physical impairment in the past and future;

d.    Medical care expenses in the past and future;

e    Out-of-pocket economic losses;

f.    Loss of enjoyment of life; and

g.    Mental anguish in the past and future.

## X.
### PRAYER

WHEREFORE, Plaintiff Tracy Johnson respectfully prays that Defendant Kroger be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff and against Defendant for damages over $1 million; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOHNSON REIST PLLC**

By:     _/s/ Wesley Johnson_
        **WESLEY JOHNSON**
        State Bar No. 24041204
        wjohnson@johnsonreist.com
        **JANA S. REIST**
        State Bar No. 24056890
        jreist@johnsonreist.com

        1312 14th Street, Suite 202
        Plano, Texas 75074
        Telephone: 469.501.2559
        Facsimile: 469.501.7471

**THE LAW OFFICE OF MULLEN & MULLEN**

By:     _/s/ Shane Mullen_
        **SHANE MULLEN**
        State Bar No. 24037152
        shane@mullenandmullen.com

        1825 Market Center Blvd. #200
        Dallas, TX 75207
        (214) 747-5240 - Telephone
        (214) 761-9146 - Facsimile

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT 3

**Exhibit 3**

096-332763-22

FILED
TARRANT COUNTY
4/19/2022 4:15 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-332763-22

| | | |
|---|---|---|
| TRACY JOHNSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 96th JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS, L.P. d/b/a Kroger Store | § | |
| #435 | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Kroger Texas, L.P. (incorrectly identified as "Kroger Texas L.P. d/b/a Kroger Store #435") (the "Defendant") hereby files its Original Answer to Plaintiff's Original Petition, and, in support thereof, would respectfully show the Court as follows:

## I.
## VERIFIED DENIAL

By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Kroger Texas L.P. d/b/a Kroger Store #435" in the capacity in which they have been sued. Defendant denies that Kroger Texas, L.P. does business as "Kroger Store #435," and therefore denies that "Kroger Texas, L.P. d/b/a Kroger Store #435" owned or operated the store at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against "Kroger Texas L.P. d/b/a Kroger Store #435" as it is not a proper party to this suit.  See, e.g., *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995). Further by way of verified denial, Defendant Kroger Texas, L.P. denies that it is a "domestic for-profit limited partnership doing business in the State of Texas," as alleged in paragraph 2.02 of Plaintiff's Original Petition. Kroger Texas, L.P., at the time of the initial filing of this action was and is a limited partnership formed under the laws of Ohio with its principal place of business in

---

Ohio. Kroger Texas, L.P. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## II.
## GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## III.
## DEFENSES AND LIMITATIONS OF LIABILITY

1.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

3.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

4.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or supervening cause of Plaintiff's

damages or injuries, if any.

5.      To the extent the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same.

6.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.      The damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents, or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9.      To the extent applicable, Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.     To the extent applicable, Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

11.     Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

### IV.
### SPECIAL EXCEPTIONS

Further answering herein, Defendant objects and specially excepts to section VIII of Plaintiff's Original Petition, titled "Notice of Intent," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, section VIII of Plaintiff's Original Petition states that "Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven under the Texas Rules of Civil Procedure 193.7." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "actual notice that the document will be used" to the producing party. Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's actual awareness that the document will be used."  Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendants to review all documents they produce and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendants request that the Court strike section XII of Plaintiff's Original Petition, titled "Notice of Intent" in its entirety. Therefore, Defendant requests that the Court strike section VIII in its entirety.

**V.**
**COURT REPORTER REQUESTED**

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**VI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, Kroger Texas, L.P. (incorrectly identified as "Kroger Texas, L.P. d/b/a Kroger Store #435") respectfully prays that Plaintiff take nothing by this cause of action and that Defendant be permitted to recover the costs expended on its behalf. Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Margaret M. Knott**
State Bar No. 15287250
mknott@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

    Before me, the undersigned authority, did personally appear Margaret M. Knott, who upon her oath deposes and says that she is one of the attorneys of record for Defendant, that she has never been convicted of a felony or a crime of moral turpitude, and that she is over the age of 18 and competent to make this verification. Accordingly, Margaret M. Knott verifies that the facts alleged in paragraph I. Verified Denial of the foregoing pleading are within her personal knowledge and true and correct.

_Margaret M. Knott_
Margaret M. Knott

Subscribed and sworn to before me on this 9 day of April 2022.

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

NOTARY PUBLIC in and for the State of Texas

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on April 19, 2022.

_/s/ B. Kyle Briscoe_
B. Kyle Briscoe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 63705746
Status as of 4/19/2022 4:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jana Reist | | jreist@johnsonreist.com | 4/19/2022 4:15:41 PM | SENT |
| Wes Johnson | | wjohnson@johnsonreist.com | 4/19/2022 4:15:41 PM | SENT |
| Stacy Spell | | sspell@johnsonreist.com | 4/19/2022 4:15:41 PM | SENT |
| Shane Mullen | | shane@mullenandmullen.com | 4/19/2022 4:15:41 PM | SENT |
| Erika Cortez | | erika@mullenandmullen.com | 4/19/2022 4:15:41 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 4/19/2022 4:15:41 PM | SENT |
| Margaret M. Knott | | mknott@peavlerbriscoe.com | 4/19/2022 4:15:41 PM | SENT |
| Erika Pina | | epina@peavlerbriscoe.com | 4/19/2022 4:15:41 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 4/19/2022 4:15:41 PM | SENT |