IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRACY JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00355 |
| | § | |
| KROGER TEXAS L.P. d/b/a KROGER STORE #435 | § | |
|     Defendant | § | |

**DEFENDANT'S FIRST AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, Kroger Texas, L.P. (incorrectly identified as "Kroger Texas L.P. d/b/a Kroger Store #435") ("Defendant" or "Kroger") files its First Amended Answer in answer to Plaintiff's First Amended Complaint (Plaintiff's "Complaint"), [Doc. 6] and respectfully shows the Court as follows:

I.

**DEFENDANT'S ANSWER**

**NATURE OF THE CASE**

1. Defendant admits that on April 19, 2020, Plaintiff allegedly fell while in the Kroger store located at 2475 Ascension Blvd. Arlington, Texas, as alleged in Paragraph 1 of Plaintiff's Complaint. Defendant denies the remainder of the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

**PARTIES AND SERVICE**

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations concerning Plaintiff's residence in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the first sentence of Paragraph 3 of Plaintiff's Complaint that it is a domestic for-profit limited partnership. Kroger Texas, L.P. at the time of the initial filing of this action and at the time of the removal of her action, was and is a limited partnership formed under the laws of Ohio. As to the second sentence of paragraph 2, Defendant Kroger Texas, L.P. admits that it has been served and is before the court.

**JURISDICTION AND VENUE**

4. Defendant admits the material allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the material allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the material allegations in Paragraph 6 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

7. Defendant admits the allegation in the first sentence of Paragraph 7 of Plaintiff's complaint, that on or about April 19, 2020, Plaintiff allegedly fell while in the Kroger store located at 2475 Ascension Blvd., Arlington, Texas. Defendant lacks sufficient information or knowledge to admit or deny the allegation that Plaintiff was shopping with her boyfriend. Defendant denies the remainder of the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the material allegations in Paragraph 8 of Plaintiff's Complaint.

**CAUSES OF ACTION - NEGLIGENCE**

9. Defendant admits that as a premises owner, it owed Plaintiff certain duties that, regardless of Plaintiff's pleadings, are defined by the law. *Austin v. Kroger Texas, L.P.,* 465 S.W. 3d 193, 203 (Tex.2015). To the extent that a response is required to the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant denies those allegations.

10.  Defendant denies the material allegations in Paragraph 10, 10a, 10b, 10c,10d, 10e, 10f, and 10g of Plaintiff's Complaint.

11.   Defendant denies the material allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the material allegations in paragraph 12 of Plaintiff's Complaint.

**CAUSES OF ACTION - PREMISES LIABILITY**

13. Defendant admits the material allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the material allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the material allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the material allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that as a premises owner, it owed Plaintiff certain duties that, regardless of Plaintiff's pleadings, are defined by the law. *Austin v. Kroger Texas, L.P.,* 465 S.W. 3d 193, 203 (Tex.2015). Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.   Defendant denies the material allegations in paragraph 18 of Plaintiff's Complaint.

**JURY DEMAND**

19.  To the extent that any response is required to the allegations in Paragraph 19 of Plaintiff's Complaint, Defendant agrees with Plaintiff's request for a jury trial of this case.

**DAMAGES**

20.  To the extent that any response is required to the allegations in Paragraph 20, 20a, 20b, 20c, 20d, 20e, 20f, and 20g of Plaintiff's Complaint, Defendant denies the material allegations.

**PRAYER**

The "Prayer" section of Plaintiff's Complaint does not require a response from Defendant. To the extent that the Court believes that a response is necessary, Defendant denies that Kroger was negligent, denies that it is liable to Plaintiff, denies that Plaintiff is entitled to recover from Kroger, and denies the remaining material allegations in the first unnumbered paragraph under the "Prayer" section of Plaintiff's Complaint.

II.

**DEFENSES**

1. Pleading further, Defendant denies Plaintiff's claims that it was negligent and further denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2. Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any. Such acts or omissions of Plaintiff, if any, were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

3. Defendant claims that Plaintiff's damages or injuries, if any, may have been caused by the acts or omissions of third persons not under the control of Defendant. If so, such acts or omissions of said third persons, if any, were the sole and/or a producing and/or a proximate and/or an intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

4. Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

5. The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a commonly or actually known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

6. In the alternative, Defendant would show that the accident complained of was an unavoidable accident as that term is defined under Texas law, not caused by the negligence of any party.

7. Defendant states that Plaintiff's damages complained of, if any, were the result of prior or pre-existing or subsequent injuries, accidents, or conditions, and said prior or pre-existing or subsequent injuries, accidents, or conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendant.

8. Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her injuries in order to continue treatment and/or inflate damages, and, in that event, Defendant contends that said treatment is not medically necessary or reasonable.

9. Defendant further claims that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10. Defendant contends that any claims for past and future medical or health care expenses incurred are limited to the customary and usual amounts charged for reasonable and necessary medical care and as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

11. Defendant would further show that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of her alleged loss must be presented by the Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

12. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

13. Defendant respectfully requests that the fact finder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

## III.
## COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## IV.
## PRAYER

Defendant Kroger Texas L.P. respectfully prays that Plaintiff take nothing by her cause of action, that Defendant be permitted to recover the costs and fees expended on its behalf, and for such further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

        Respectfully submitted,

        */s/ B. Kyle Briscoe*
        **B. Kyle Briscoe**
        *Attorney-In-Charge*
        State Bar No. 24069421
        kbriscoe@peavlerbriscoe.com
        **Margaret M. Knott**
        State Bar No. 15287250
        mknott@peavlerbriscoe.com
        **PEAVLER│BRISCOE**
        2215 Westgate Plaza
        Grapevine, Texas 76051
        214-999-0550 (telephone)
        214-999-0551 (fax)

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on May 6, 2022.

        */s/ B. Kyle Briscoe*
        B. Kyle Briscoe